UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
DOCKET NO. 2:14-cv-00023-MOC

| | | |
|---|---|---|
| **SHANNON DAWN GREATHEAD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF DECISION** |
| | ) | **AND** |
| Vs. | ) | **ORDER** |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner of** | ) | |
| **Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order denying plaintiff's motion, granting the Commissioner's motion, affirming the final decision of the Commissioner as it is supported by substantial evidence, and dismissing this civil action.

## FINDINGS AND CONCLUSIONS

### I.     Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an

1

administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the court adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against

the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence.  Hays v. Sullivan, supra.

## IV.    Substantial Evidence

### A.    Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record.  The issue is not whether this court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence.  The undersigned finds that it is.

### B.    Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled.  The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

   a.    An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

   b.    An individual who does not have a "severe impairment" will not be found to be disabled;

c.      If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d.      If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e.      If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fifth step of the sequential evaluation process.

### C. The Administrative Decision

After determining that plaintiff met the insured-status requirements and that she had not engaged in substantial gainful activity since the alleged onset date, the ALJ then determined that plaintiff suffered from a severe combination of impairments, which included discoid lupus, degenerative disc disease of the cervical and lumbar spine status post discectomy and fusion, degenerative joint disease of the knees, obesity, fibromyalgia, obstructive sleep apnea, depression, and anxiety. Administrative Record ("AR") at 16. After evaluating the medical and other evidence, the ALJ determined that plaintiff's impairments did not meet or equal the severity of any listed impairment found in the regulations. AR at 22.

The ALJ then determined plaintiff's Residual Functional Capacity ("RFC") and, based on that determination, concluded that plaintiff did not have the RFC to perform her past relevant work as an assembly worker, a procurement technician, a clerical worker, a switchboard operator, and as a CNA. Finally, at the fifth step, the ALJ employed a Vocational Expert ("VE") and after proposing a hypothetical and receiving testimony from the VE determined that despite being unable to perform her past work, there were jobs that existed in significant numbers that plaintiff could perform including those of Assembler (Dictionary of Occupational Titles ("DOT") # 701.687-010), Hand Packer (DOT# 920.687-026), and Machine Tender (DOT # 689.685-130). Based on such vocational evidence and considering the plaintiff's age, education, work experience, and residual functional capacity, the ALJ concluded that plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy and therefore found that she was not disabled as that term is used under Sections 216(i) and 223(d) of the Social Security Act. AR at 36.

**D.  Discussion**

**1.  Plaintiff's Assignments of Error**

Plaintiff has made the following assignments of error:

1. The ALJ's residual functional capacity determination is unsupported by substantial evidence as it does not include the significant limitation that Plaintiff requires a cane.

2. The ALJ's credibility determination is unsupported by substantial evidence.

3. The ALJ's Step 5 determination is unsupported by substantial evidence.

Plaintiff's assignments of error will be discussed *seriatim*.

### 2.    First Assignment of Error

Plaintiff first contends that the ALJ's residual functional capacity determination was unsupported by substantial evidence as it does not include the significant limitation that plaintiff requires a cane.  As there is no evidence that plaintiff was prescribed a cane by any physician, plaintiff is essentially contending that the ALJ erred when he failed to fully credit the opinion of one of plaintiff's treating physicians, Dr. Ghaussy, who had checked off on a form "Fibromyalgia Medical Source Statement" that plaintiff must use a cane while engaging in occasional walking/standing.  AR at 800.

A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time.  Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir.  1983). The opinion of a treating physician is only entitled to controlling weight if it is supported by "clinical and laboratory diagnostic

techniques," and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2). However, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

Important to this reviewing court is whether the ALJ adequately explained why he did not credit a treating physician's finding. The ALJ explained that while he considered Dr. Ghaussy's opinion, he gave it little weight because he found it inconsistent with the weight of the medical evidence, the opinions of the state agency consultant, the opinion and observations of Dr. Burgess, and Dr. Ghaussy's own treatment record. AR at 34. Not only did the ALJ explain his credibility determination, that determination finds support in substantial evidence of record which includes evidence that plaintiff had full strength in her upper and lower extremities (AR at 18, 20, 21, 32, 566, 732, 850), she had no reflex deficits (AR at 566, 732, 850, 852), and no sensory deficits (AR 21, 566, 732, 816, 850, 852). Another treating physician, Dr. Davis, noted that plaintiff denied gait difficulties (AR at 710 & 816) and never found that plaintiff needed a cane to ambulate. AR at 707-711 and 815-828. Dr. Irani noted that plaintiff was able to ambulate down a hallway without problem. AR at 837. Additional medical evidence is found in the

record that fully supports the ALJ's decision to not credit Dr. Ghaussy's opinion that plaintiff needed a cane to walk. Perhaps most tellingly, Dr. Ghaussy's own contemporaneous treatment records – as opposed to the medical-source form he filled out – indicate that he never prescribed a cane and contain clinical findings that she enjoyed a full range of motion in her hips, knees, ankles, and feet, and that she had normal upper and lower body strength. AR at 566.

The court finds that plaintiff's first assignment of error is without merit as the ALJ properly considered and disregarded Dr. Ghaussy's opinion concerning the use of a cane as the ALJ fully explained his reasons for not crediting that determination and that such explanation finds support in substantial evidence of record.

### 3. Second Assignment of Error: The ALJ's credibility determination is unsupported by substantial evidence.

Plaintiff next contends that the ALJ failed to properly consider plaintiff's testimony that her impairments were disabling.

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged, but her statements concerning the intensity and persistence of the symptoms and the extent to which they limited her capacity for work were not fully credible. AR at 28-33.

While the court agrees with plaintiff that the leading nature of the questions her attorney asked her at the hearing is irrelevant in assessing the credibility of a claimant's testimony as to pain or other subjective symptoms, any error of the ALJ in so doing was harmless as it appears that such consideration was in passing and that the ALJ otherwise went on to conduct an appropriate review of such testimony. Specifically, the ALJ contrasted plaintiff's testimony of disabling symptoms with evidence of daily activities and other evidence that was in opposition to such testimony. For example, plaintiff alleged that she could not focus or concentrate; however, the ALJ found that she told Dr. Ghaussy that she enjoyed playing online games, AR at 29 & 565, that she told Dr. Hamby that she played cards on a regular basis (AR at 29 & 724), that she emailed people, often searched on the internet, and maintained a Facebook profile (AR at 724), and that Dr. Hamby observed that plaintiff's attention span and concentration were adequate. AR at 725. Similarly, the ALJ properly explained why he did not fully credit plaintiff's testimony concerning her back and knees, her medications, and the side effects of these medications.

The correct standard and method for evaluating claims of pain and other subjective symptoms in the Fourth Circuit has developed from the Court of Appeals' decision in <u>Hyatt v. Sullivan</u>, 899 F.2d 329 (4th Cir. 1990)(<u>Hyatt III</u>),

which held that " [b]ecause pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative." Id., at 336. A two-step process for evaluating subjective complaint was developed by the Court of Appeals for the Fourth Circuit in Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). This two-step process for evaluating subjective complaints corresponds with the Commissioner's relevant rulings and regulations. See 20 C.F.R § 404.1529; SSR 96-7p.[1]

Step One requires an administrative law judge (hereinafter "ALJ") to determine whether there is "objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." Craig, 76 F.3d at 594.

Step Two requires that the ALJ next evaluate the alleged symptoms' intensity and persistence along with the extent to they limit the claimant's ability to engage in work. Id., at 594; see also 20 C.F.R. § 404. 1529(c); SSR 96-7p. The ALJ must consider the following: (1) a claimant's testimony and other statements

---

[1] "The purpose of this Ruling is to clarify when the evaluation of symptoms, including pain, under 20 CFR 404.1529 and 416.929 requires a finding about the credibility of an individual's statements about pain or other symptom(s) and its functional effects; to explain the factors to be considered in assessing the credibility of the individual's statements about symptoms; and to state the importance of explaining the reasons for the finding about the credibility of the individual's statements in the disability determination or decision." S.S.R. 96-7p (statement of purpose).

concerning pain or other subjective complaints; (2) claimant's medical history and laboratory findings; (3) any objective medical evidence of pain; and (4) any other evidence relevant to the severity of the impairment. Craig, 76 F.3d at 595; 20 C.F.R. § 404. 1529(c); SSR 96-7p. The term "other relevant evidence" includes: a claimant's activities of daily living; the location, duration, frequency and intensity of their pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of medications taken to alleviate their pain and other symptoms; treatment, other than medication, received; and any other measures used to relieve their alleged pain and other symptoms. Id.

In accordance with Gross v. Heckler, 785 F.2d 1163 (4th Cir. 1986), the court find that the ALJ properly considered plaintiff's activities of daily living and other evidence and that plaintiff's assignment of error is without merit. See also 20 C.F.R. §§ 404.1529(c)(3)(i) and 416.929(c)(3)(i). The nature of a claimant's symptoms, the effectiveness of any medication she is taking, and her daily activities are all relevant factors when considering plaintiff's testimony and allegations as to subjective symptoms such as pain. Id.

Finally, plaintiff has also challenged the ALJ's decision not to fully credit supportive third-party statements from her mother and fiancé. However, the ALJ made specific reference to these third-party statements in explaining why he did

not fully credit the evidence concerning plaintiff's subjective symptoms.  AR at 29, 30, 32 & 33.  In <u>Morgan v. Barnhart</u>, 2005 WL 1870019 (4th Cir. 2005), the Court of Appeals for the Fourth Circuit addressed what consideration an ALJ must give to corroborative lay opinions submitted in accordance with Part 404.1513(d). There, the appellate court, while not reaching the issue (making such *dicta*), agreed that an ALJ could not simply discredit such lay evidence based on inherent familial bias; instead, the appellate court found that the ALJ, implicitly and properly, discredited such lay opinions as not consistent with the medical record and the functional capacity evaluation:

> In the order denying Morgan's claim, the ALJ found, in part because of Dr. Kirkley's opinion and the FCE, that "*the allegations* of disabling pain ⋯ [were not] credible." (R. at 16 (emphasis added).) The ALJ gave no indication that "the allegations" of disabling pain to which he was referring were only Morgan's allegations, and not also the allegations of Morgan's husband and daughter. Indeed, the most natural reading of the indefinite article "the" is that it refers to all, not just some, of the allegations of pain. We believe, therefore, that the ALJ discredited the questionnaire responses for the same reasons he rejected Morgan's own testimony; *i.e.,* Dr. Kirkley's opinion that Morgan's underlying condition did not cause her pain and the FCE indicating that Morgan maintained the functional capacity to work an 8-hour day. And as we concluded with respect to Morgan's testimony, any error the ALJ made in crediting the other evidence on which the ALJ relied - - here, her activities, her lack of hospitalizations, the absence of significant side-effects, the opinion of Dr. Holford, and inherent familial bias - - was harmless, because Dr. Kirkley's opinion and the FCE were substantial evidentiary support for the ALJ's decision to discredit Morgan's husband's and daughter's observations.

Id. at **7.   In this case, the ALJ's consideration of the law opinions of plaintiff's mother and fiancé fully complies with the decision in Morgan as the ALJ referenced the same substantial evidence that was inconsistent with plaintiff's testimony as being inconsistent with the statements provided by family members rather than simply dismiss such evidence as being from a familial source.

Finding that the ALJ properly considered such evidence, the court finds no merit to plaintiff's second assignment of error.

### 4. Third Assignment of Error: The ALJ's Step 5 determination is unsupported by substantial evidence.

Finally, plaintiff contends that the ALJ's step five determination is not supported by substantial evidence. Specifically, she contends that the ALJ's step five finding is not supported by substantial evidence because the ALJ should not have relied upon VE testimony in response to a hypothetical question that did not include the use of a cane.  As discussed above, the ALJ properly concluded that plaintiff did not require use of a cane.

Hypothetical questions posed by an ALJ to a vocational expert must fully describe a plaintiff's impairments and accurately set forth the extent and duration of the claimant's pain, if any.  Cornett v. Califano, 590 F.2d 91 (4th Cir. 1978). Where the ALJ properly formulates his hypothetical to accurately reflect the condition and limitations of the claimant, the ALJ is entitled to afford the opinion

of the vocational expert great weight.  <u>Shively v. Heckler</u>, 739 F.2d 984 (4th Cir. 1984).  An ALJ does not have a duty to include in hypothetical questions to a VE limitations that are not supported by the record. <u>Walker v. Bowen</u>, 889 F.2d 47, 50 (4th Cir. 1989).  Because plaintiff's conditions and limitations were accurately portrayed to the vocational expert, the ALJ did not fail to consider all the evidence, and his reliance on the opinion of the vocational expert that jobs were available to a person with plaintiff's limitations was proper.

Plaintiff's third assignment of error is, therefore, without merit.


### E.    Conclusion

The court has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error.  Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence.  <u>See</u> <u>Richardson v. Perales</u>, <u>supra</u>; <u>Hays v. Sullivan</u>, <u>supra</u>.  Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," <u>Richardson v. Perales</u>, <u>supra</u>, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1)     the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED**;

(2)     the plaintiff's Motion for Summary Judgment (#11) is **DENIED**;

(3)     the Commissioner's Motion for Summary Judgment (#13) is **GRANTED**; and

(4)     this action is **DISMISSED**.

The Clerk of Court shall enter a Judgment consistent with this decision.

Signed: January 27, 2015

Max O. Cogburn Jr.
United States District Judge